UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE G. TROUT, et al., Plaintiffs, v. JOHN H. DALTON, SECRETARY OF THE NAVY, et al. Defendants. | Civil Action No.73-0055 (PLF) |

FILED
MAY 31 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION AND ORDER

The issue before the Court in this matter is what interest rate should be applied to plaintiffs' award of prejudgment interest for back pay and attorneys' fees and costs. Plaintiffs contend that the prime rate of interest should be used to calculate their award of prejudgment interest. While defendants agree with plaintiffs' methodology for calculating the prejudgment interest in this case, they argue that the government Treasury Bill rate should be used. Upon consideration of the papers submitted by the parties and the entire record in this case, the Court concludes that the prime rate should be used to calculate plaintiffs' award of prejudgment interest.

I. BACKGROUND

Plaintiffs, employees of the Department of the Navy, filed suit in 1973 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, complaining of a pattern of discrimination in which women working in the Navy were deprived of opportunities for

(2)

659

career advancement. The facts of this case have been summarized in several opinions and need not be repeated here. See, e.g., Trout v. O'Keefe, 144 F.R.D. 587, 588-89 (D.D.C.1992); Trout v. Garrett, 780 F. Supp. 1396, 1400-02 (D.D.C. 1991); Trout v. Lehman, 702 F.2d 1056, 1057-58 (D.C. Cir. 1983).

In the course of this litigation, the issue of prejudgment interest on attorneys' fees and costs and on back pay was addressed by Judge Harold Greene at least twice. On July 22, 1998, Judge Greene issued a memorandum opinion and order granting plaintiffs' motion for prejudgment interest on attorneys' fees and costs, ordering that the interest be calculated using the prime rate of interest. See Trout v. Dalton, Civil Action No. 73-55, slip op. at 5 (D.D.C. July 22, 1998). On August 12, 1998, Judge Greene issued an order granting plaintiff's motion for prejudgment interest on back pay, again ordering that the interest should be calculated at the prime rate. See Trout v. Dalton, Civil Action No. 73-55 (D.D.C. Aug. 12, 1998) (order granting prejudgment interest). On March 3, 1999, the parties entered into a stipulation characterizing the July 22, 1998 order and the August 12, 1998 order as directing defendants to pay pre-November 21, 1991 interest at the prime rate of interest with respect to back pay and attorneys' fees and costs. See Trout v. Dalton, Civil Action No. 73-55 (D.D.C. March 3, 1999) (stipulation and order granting plaintiffs' recovery of accountant's fees).

The parties have agreed on the methodology to be used to calculate the amount of prejudgment interest but do not agree on what interest rate should be used. Plaintiffs argue that in most cases the prime rate is used to calculate prejudgment interest and that rate should be used here. Defendants argue that the prime rate is not appropriate in all circumstances and

that in this case, because defendants are government entities, the Treasury Bill rate should be used.

## II. DISCUSSION

The determination of the appropriate interest rate on prejudgment attorneys' fees and back pay is a decision left to the discretion of the district court. See Berger v. Iron Workers Reinforced Rodmen, Local 201, 170 F.3d 1111, 1139 (D.C. Cir. 1999); Forman v. Korean Air Lines, 84 F.3d 446, 450 (D.C. Cir. 1996). While this decision is a discretionary one, courts have held that the prime rate is usually the most appropriate rate of interest. See Forman v. Korean Air Lines, 84 F.3d at 450; Chadwick v. District of Columbia, 56 F. Supp.2d 69, 73 n.2 (D.D.C. 1999). Judge Greene, having presided over this case for many years, determined that the prime rate was appropriate in calculating plaintiffs' prejudgment interest on attorneys' fees and costs and on back pay and ordered defendants to make these payments in two rulings issued on July 22, 1998 and August 12, 1998, respectively. Judge Greene made clear that the prime rate was the interest rate to be used in making the calculations, and the Court does not see why it should revisit this already decided issue. Even if the Court were inclined to reconsider the issue, Judge Greene's decisions are entitled to considerable deference based on his many years of handling this case and his greater familiarity with the facts and history of this litigation.

The Stipulation and Order of March 3, 1999 provides an additional reason why the Court should not revisit this issue. Although the order concerned a matter unrelated to the issue now before the Court, the parties agreed to language that characterized the rulings on

July 22, 1998 and August 12, 1998 as ordering payment of prejudgment interest calculated at the prime rate. Thus, it appears that at that time plaintiffs and defendants understood Judge Greene's rulings to have settled the issue of what interest rate should be used to calculate defendants' payments to plaintiffs.

Defendants argue that because plaintiffs seek recovery against a governmental defendant, the Treasury Bill rate is the appropriate rate of interest. The defendants urge the Court to follow the analysis set forth by Judge James Robertson in Hartman v. Duffey, 8 F. Supp.2d 1, 3 (D.D.C. 1998), in which prejudgment interest was awarded at the Treasury Bill rate against a federal agency. Judge Robertson concluded that the Treasury Bill rate was more appropriate because it reflected the interest rate defendant had available to it for short-term loans. See id. Although Judge Robertson ordered that prejudgment interest be paid at the Treasury Bill rate, he acknowledged that this decision was a discretionary one and that the appropriate interest rate could be determined by looking not only at the interest rate the defendant has available to it but also at the interest rate a plaintiff would have to pay when burrowing money. See id. at 3, quoting Forman v. Korean Air Lines, 84 F.3d at 450; see also Cement Division, National Gypsum Co. v. Milwaukee, 144 F.3d 1111, 1114 (7th Cir. 1994) (holding that prime rate was more appropriate than municipal bond rate because plaintiff was involuntary creditor).

Hartman does not require that interest must be awarded at the Treasury Bill rate whenever the defendant is a governmental entity. While Judge Robertson's decision may have been appropriate in Hartman, those facts are not the ones before this Court. This Court has Judge's Greene's two previous decisions determining that the prime rate should be used to

calculate prejudgment interest, as well as evidence that the parties understood that this issue had already been resolved by these decisions. It also has developed a fair understanding of the entire history of this litigation which persuades the Court to exercise its acknowledged discretion to use the prime rate in calculating prejudgment interest.

Both Judge Greene and the court of appeals criticized the Navy's pattern of delay and abusive litigation tactics in this case. See Trout v. Lehman, 702 F.2d at 1106-07; Trout v. O'Keefe, 144 F.R.D. at 588. In these circumstances, prejudgment interest awarded at the prime rate is appropriate because it best represents the time-value of the money that plaintiffs should have received but did not receive because of defendants' delay. "[C]apital employed in the business of lawyering is like capital employed anywhere else. It carries a cost. And in economic terms that cost is the price of borrowed . . . capital." See Alberti v. Klevenhagen, 896 F.2d 927, 938 (5th Cir. 1990) (quoting Lippo v. Mobil Oil Corp., 692 F. Supp. 826, 840 (N.D. Ill. 1986). Upon consideration of all of the circumstances and in the exercise of its substantial discretion, the Court will award prejudgment interest for back pay and for attorneys' fees and costs at the prime rate. Accordingly, it is hereby

ORDERED that plaintiffs' motion for prejudgment interest on back pay and attorneys' fees and costs is GRANTED; it is

FURTHER ORDERED that the amount of prejudgment interest shall be determined by using the prime rate of interest; it is

FURTHER ORDERED that using the agreed upon methodology, the parties shall calculate the amount of prejudgment interest defendants owe plaintiffs on back pay and attorneys' fees and costs at the prime rate of interest, and within thirty (30) days of the date of

this memorandum opinion and order, defendants shall present a stipulation or order to the Court directing defendants' to pay plaintiffs the full amount owed to plaintiffs; and it is

FURTHER ORDERED that all other pending motions not resolved by this order or the order issued this same day granting in part and denying in part plaintiffs' motion for attorneys' fees issued are DENIED as moot.

SO ORDERED

PAUL L. FRIEDMAN
United States District Judge

DATE: 5/31/01